IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ALFREDO CARRANZA,

    *Plaintiff,*

v.                                      Case No.: 1:24-CV-00049 JMR/GBW

W. W. TRANSPORT INC;
FOODLINER INC. d/b/a QUEST LOGISTICS &
DANIEL JOHNSON,

    *Defendants.*

## DEFENDANT W. W. TRANSPORT INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

**COMES NOW** Defendant W. W. Transport Inc., by and through counsel, Resnick & Louis, P.C. (Justin D. Goodman, Esq.) and hereby answers Plaintiff's Original Complaint for Personal Injury Damages. Every allegation not expressly admitted shall be deemed denied.

### I.    PARTIES, JURISDICTION & VENUE

1. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. W. W. Transport Inc. admits the allegations contained in Paragraph 2.

3. W. W. Transport Inc. admits the allegations contained in Paragraph 3.

4. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same. In answering this Paragraph, W. W. Transport Inc. does not waive any challenge to jurisdiction or venue.

6. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same. In answering this Paragraph, W. W. Transport Inc. does not waive any challenge to jurisdiction or venue.

7. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same. In answering this Paragraph, W. W. Transport Inc. does not waive any challenge to jurisdiction or venue.

## II.   GENERAL ALLEGATIONS & FACTS

8. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

### III.   NEGLIGENCE OF DEFENDANT JOHNSON

15. W. W. Transport Inc. incorporates its answers to the preceding paragraphs as though fully set forth herein.

16. Paragraph 16 states a conclusion of law for which no response is required. To the extent a response is deemed necessary and directed to Defendant W. W. Transport Inc., Defendant Foodliner, Inc. states that New Mexico law with respect to duty speaks for itself. Defendant Foodliner, Inc. is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 16, and therefore denies the same.

17. Paragraph 17 states a conclusion of law for which no response is required. To the extent a response is deemed necessary and directed to Defendant W. W. Transport Inc., Defendant Foodliner, Inc. states that New Mexico law with respect to duty speaks for itself. Defendant Foodliner, Inc. is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 17, and therefore denies the same.

18. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and subparagraphs 1-30, and therefore denies the same.

### IV.   DIRECT NEGLIGENCE OF W. W. TRANSPORT INC.

19. W. W. Transport Inc. incorporates its answers to the preceding paragraphs as though fully set forth herein.

20. Foodliner Inc denies the allegations contained in paragraph 20 (misnumbered in Plaintiff's Complaint as paragraph 18) and subparagraphs 1-26.

21. Foodliner Inc denies the allegations contained in paragraph 21 (misnumbered in Plaintiff's Complaint as paragraph 19).

### V.    RESPONDEAT SUPERIOR LIABILITY OF W. W. TRANSPORT INC.

22.W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 (misnumbered in Plaintiff's Complaint as paragraph 23). and therefore, denies the same.

### VI.    DIRECT NEGLIGENCE OF FOODLINER INC. D/B/A QUEST LOGISTICS

23.W. W. Transport Inc. incorporates its answers to the preceding paragraphs as though fully set forth herein.

24.Foodliner Inc denies the allegations contained in paragraph 24 (misnumbered in Plaintiff's Complaint as paragraph 19) and subparagraphs 1-26.

25.Foodliner Inc denies the allegations contained in paragraph 25 (misnumbered in Plaintiff's Complaint as paragraph 20).

### VII.    RESPONDEAT SUPERIOR LIABILITY OF FOODLINER INC. D/B/A QUEST LOGISTICS.

26.W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 (misnumbered in Plaintiff's Complaint as paragraph 23). and therefore, denies the same.

### VIII.    DAMAGES

27.W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 (misnumbered in Plaintiff's Complaint as paragraph 25). and therefore, denies the same.

28.W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 (misnumbered in Plaintiff's Complaint as paragraph 26). and therefore, denies the same.

29. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 (misnumbered in Plaintiff's Complaint as paragraph 27). and therefore, denies the same.

30. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 (misnumbered in Plaintiff's Complaint as paragraph 28). and therefore, denies the same.

31. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 (misnumbered in Plaintiff's Complaint as paragraph 29). and therefore, denies the same.

32. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 (misnumbered in Plaintiff's Complaint as paragraph 30). and therefore, denies the same.

33. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 (misnumbered in Plaintiff's Complaint as paragraph 31). and therefore, denies the same.

34. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 (misnumbered in Plaintiff's Complaint as paragraph 32). and therefore, denies the same.

35. W. W. Transport Inc. is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 (misnumbered in Plaintiff's Complaint as paragraph 33). and therefore, denies the same.

36. W. W. Transport Inc. denies the allegations contained in paragraph 36 (misnumbered in Plaintiff's Complaint as paragraph 34).

## IX.  PUNITIVE DAMAGES

37. W. W. Transport Inc. denies the allegations contained in paragraph 37 (misnumbered in Plaintiff's Complaint as paragraph 35).

38. W. W. Transport Inc. denies the allegations contained in paragraph 38(misnumbered in Plaintiff's Complaint as paragraph 36).

39. W. W. Transport Inc. denies the allegations contained in paragraph 39 (misnumbered in Plaintiff's Complaint as paragraph 37).

40. W. W. Transport Inc. denies the allegations contained in paragraph 40 (misnumbered in Plaintiff's Complaint as paragraph 38).

## X.  JURY DEMAND

41. W. W. Transport Inc. admits the allegations contained in paragraph 41 (misnumbered in Plaintiff's Complaint as paragraph 39).

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to W. W. Transport Inc. in this matter.  W. W. Transport Inc. accordingly reserves the right to assert these separate defenses.  If the facts warrant, W. W. Transport Inc. may withdraw any of these defenses.  W. W. Transport Inc. further reserves the right to amend its answers and defenses, and to assert additional defenses and other claims, as discovery proceeds. Further answering, and by way of defense, W. W. Transport Inc. states as separate, additional, and/or affirmative defenses, the following:

A.  Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against W. W. Transport Inc.

B. Plaintiff's Complaint may be barred, in whole or in part, for failure to mitigate damages.

C. Plaintiff's Complaint may be barred because W. W. Transport Inc. did not proximately cause Plaintiff's alleged damages.

D. Plaintiff's Complaint may be barred, in whole or in part, due to a superseding event or occurrence proximately causing Plaintiff's damages.

E. Plaintiff's damages, if any, were caused by Plaintiff or some third party, in whole or in part, and any recovery must be reduced under the doctrine of comparative negligence.

F. Plaintiff's Complaint may be barred, in whole or in part, by an applicable doctrine of laches, waiver or release.

G. Plaintiff's Complaint may be barred, in whole or in part, by an applicable doctrine of unclean hands.

H. Plaintiff's Complaint may be barred, in whole or in part, due to Plaintiff's own negligence.

I. Plaintiff's claim for punitive damages is barred by the First, Eight, and Fourteenth Amendments to the Constitution of the United States of America, as well as Article II, section 10; Article II, section 13; and Article II, section 19 of the Constitution of the State of New Mexico. Under the facts of this case a demand for punitive damages is not justified and an award of punitive damages would constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

J. W. W. Transport Inc. reserves the right to amend ITS affirmative defenses if additional information giving rise to additional defenses becomes available.

WHEREFORE, having answered Plaintiff's Complaint in its entirety, Defendant W. W. Transport Inc. prays that Plaintiff's Complaint be dismissed with prejudice, for costs, and for such other and additional relief as the Court deems just and proper.

Respectfully Submitted,

**RESNICK & LOUIS, P.C.**

*/s/ Justin D. Goodman*
Justin D. Goodman, Esq.
5600 Eubank Blvd., NE, Suite 220
Albuquerque, NM 87111
Ph: (505) 273-7887
Fx: (505) 207-9064
jgoodman@rlattorneys.com
*Attorneys for Defendants W. W. Transport Inc. and Foodliner Inc. d/b/a Quest Logistics*

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that on this 16th day of January 2024, the foregoing pleading was electronically filed through the Court's CM/ECF E-Filing System, and was emailed to all below listed parties or counsel at:

**TAWNEY ACOSTA CHAPARRO PC**
Daisy Chaparro, Esq.
1485 N Main Street, Ste. B
Las Cruces, NM  88001
Ph: (575) 222-1000
Fx: (575) 652-4752
DChaparro@TACInjuryLaw.com
*Attorney for Plaintiff*

*/s/ Wendy C. Harper*
Wendy C. Harper
Employee of Resnick & Louis, P.C.